IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WESTLAKE FLOORING COMPANY, LLC,** | : |
| | : Case No. 2:24-cv-01455 |
| **Plaintiff,** | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Elizabeth P. Deavers |
| **REMPRO INC D/B/A SHAFER AUTO GROUP,** *et al.*, | : |
| | : |
| | : |
| **Defendant.** | : |

## OPINION & ORDER

This matter comes before the Court on Plaintiff Westlake Flooring Company, LLC's ("Westlake") Motion for Partial Judgment on the Pleadings. (ECF No. 24). For the following reasons, this Court **GRANTS** Plaintiff's Motion for Partial Judgment on the Pleadings. (ECF No. 24).

### I. BACKGROUND

On July 26, 2018, Plaintiff Westlake and Defendant executed a Promissory Note and Loan and Security Agreement ("PNLSA"), by which Plaintiff Westlake agreed to lend Defendant up to $400,000 to finance the purchase of vehicles for Dealer's inventory. (ECF No. 1 ¶ 8). On July 30, 2018, in conjunction with the PNLSA, Plaintiff Westlake and Defendant Lev V. Shafer executed an Individual and Personal Guaranty ("Personal Guaranty"), by which Mr. Shafer personally guaranteed Dealer's compliance with the PNLSA. (*Id.* ¶ 10). On March 28, 2024, Plaintiff sued Defendants, for breach of contract and breach of guaranty. (ECF No. 1). Defendants filed their answer on June 5, 2024. (ECF No. 15).

On November 27, 2024, Plaintiff filed its Motion for Partial Judgment on the Pleadings (ECF No. 24). Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), Defendants' deadline to respond was on or before December 18, 2024. To date, Defendant has not responded or sought an extension of time to respond to Westlake's motion. This matter is therefore ripe for resolution.

## II. STANDARD OF REVIEW

The standard for a Rule 12(c) motion for judgment on the pleadings is identical to the standard for a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). To state a claim upon which relief may be granted, movants must satisfy the pleading requirements set forth in Rule 8(a). While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (clarifying the plausibility standard articulated in *Twombly*). "Although for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 677–79 (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted).

"[I]n ruling on a Rule 12 dispositive motion, a district court 'may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [a party]'s motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.' " Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

### III.     ANALYSIS

Plaintiff seeks judgment on pleadings on its breach-of-contract claim against Defendant Rempro. To establish a prima facie breach of contract claim, a plaintiff must show: (1) the existence of a contract; (2) plaintiff's performance under the contract; (3) defendant's failure to perform under the contract; and (4) damages resulting from defendant's failed performance. *See Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006).

Here, Defendants' Answer admits that Rempro is liable to Westlake for breach of contract. First, the parties agree that they entered into the PNLSA on July 26, 2018. (ECF No. 1 ¶ 8; ECF No. 15 ¶ 8). Under the PNLSA, Westlake provided a line of credit of up to $400,000 for Rempro to use to finance the purchase of vehicles for Rempro's inventory. (ECF No. 1; ECF No. 1-1). When Defendant Rempro sold vehicles purchased on Westlake's line of credit, it agreed to repay Westlake within "either seven days of the sale of the [v]ehicle or 24 hours after receiving payment for the vehicle." (ECF No. 1 ¶ 20; ECF No. 1-1 at 3–4 (defining "Maturity Date"); ECF No. 15 ¶ 20 ("The [PNLSA] speaks for itself and therefore no response is required to Paragraph 20 of the Complaint.")). Rempro further admits that it "[did] not ma[k]e all required payments under the PNLSA," and that it is in "breach[ ] [of] the PNLSA by failing to pay Westlake amounts due as required under the PNLSA." (ECF No. 1 ¶¶ 21–22; ECF No. 15 ¶ 21 ("Defendants admit the allegations in Paragraph 21 of the Complaint."); ECF No. 15 ¶ 22 ("Defendants admit the allegations in Paragraph 22 of the Complaint.")).

The Complaint also alleges that "[i]n both the PNLSA and Personal Guaranty, [Rempro] and Mr. Shafer agreed to pay Westlake all reasonable attorneys' fees and other collection costs incurred in enforcing the agreements in the event of [Rempro's] or Mr. Shafer's default." (ECF No. 1 ¶ 17). The Answer responds to that allegation by stating: "The document speaks for itself and therefore no response is required." (ECF No. 15 ¶ 17).

Because the pleadings establish that Defendant is liable to Westlake for breach of the PNLSA, and Defendants failed to respond to Plaintiffs' Motion for Judgment on the Pleadings, this Court **GRANTS** Plaintiff's judgment on the breach-of-contract claim against Defendant Rempro.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Partial Judgment on the Pleadings is **GRANTED**.  (ECF No. 24).

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED: July 15, 2025**